### REPETTI v. REPETTI CO.

(Supreme Court, Appellate Term. February 9, 1911.)

HUSBAND AND WIFE (§ 23¾*)—HUSBAND'S LIABILITY—GOODS PURCHASED BY WIFE.

Where a wife purchased merchandise from a corporation of which her husband was president and general manager, part of which was used on his table and part given away by his wife during the holiday season, it would be presumed that the husband knew that it was charged to him, in the absence of evidence to the contrary, and that the wife was authorized to purchase the same on his credit.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 145, 146; Dec. Dig. § 23¾.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Charles Repetti against Repetti Company. From a Municipal Court judgment in favor of plaintiff for a part of the relief

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

demanded, defendant appeals.    Reversed, and judgment ordered against plaintiff for the amount of defendant's counterclaim.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Jay Noble Emley, for appellant.

York & York (Frank B. York, of counsel), for respondent.

HENDRICK, J.   The action is for rent for one month of premises at 46 West 125th street, New York, occupied by defendant under a lease from plaintiff.   The rent amounts to $375.   Defendant admits that the sum claimed is due, but alleges payment, and also alleges a counterclaim for the value of candy, cake, ice cream, and other merchandise sold to plaintiff by defendant, amounting to $631.97, which sum, less the rent, $375, leaves a balance of $256.97, for which defendant asks judgment against plaintiff.

The counterclaim is founded upon two claims—one for merchandise furnished plaintiff at his request from defendant's factory, which is not disputed, and was allowed by the court to the extent of $218.06; the other for merchandise furnished plaintiff's wife and children from defendant's retail store, conducted at the premises No. 48 West 125th street, to the net amount of $305.19.   Plaintiff's wife and children, with whom plaintiff lived, ordered the merchandise from defendant corporation, at one of its stores in the immediate neighborhood of plaintiff's home, and the charges for the same were entered on the books of defendant, kept at that store.   Plaintiff, at all of the times when goods were so ordered, delivered, or used, was the president and general manager of the defendant corporation.

Schouler's Domestic Relations (5th Ed., 1895), at paragraph 61, defines necessaries as:

"Such articles as the law deems essential to health and comfort. * * * They are to be determined, both in kind and amount, by the means and social position of the married pair, and must, therefore, vary greatly among different grades and at different stages of society. * * * So, too, necessaries to-day are not what they were 50 years ago.   Nor is the ordinary test to be found in the real situation and means of the married parties (for this a tradesman cannot be expected to investigate), but in their apparent situation, the style they assume, and the establishment they maintain before the world, which every husband is supposed to regulate with sufficient prudence."

While the articles furnished may well come within this rule, it is not necessary upon the facts in this case to determine whether or not the goods, which are a subject of controversy here, were necessaries. Plaintiff resided with his wife and children.   The merchandise was used in his home; part of it came to his table; part was given by his wife and his children to friends as presents at or about the holiday seasons.   It is hardly credible that this husband, living at home and coming in daily contact with his family, would be ignorant of the fact that merchandise manufactured and sold by the corporation, of which he was president and general manager, was ordered by either his wife or children, and that he was charged for such merchandise upon the account books of the defendant, of which he had supervision

as president of the corporation and as general manager of the business. It will be presumed that plaintiff had knowledge of the conduct of his business, and of the charges made against him on his own books; and the presumption that his wife was his agent in ordering the goods was in no way overcome, or sought to be overcome, by any evidence of a special agreement, in pursuance of which the goods were to be sold to her for her exclusive use, or upon the credit of her separate property. Winkler v. Schlager, 64 Hun, 83, 19 N. Y. Supp. 110.

The case of Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621, decides nothing contrary to the principle here stated. In that case a wife went to a city distant from her home and purchased goods from a stranger, with whom she had never traded, and without the knowledge or consent of her husband.

The judgment should be reversed, and judgment ordered against the plaintiff for the amount of defendant's counterclaim, less the amount claimed by plaintiff for rent, with costs. All concur.